**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

UNITED STATES OF AMERICA,

      v.

ANDRE SHORT,

      Defendant.

CASE NO.: 2:16-cr-12

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the psychological report of Dr. Allyson N. Wood and Dr. Geoffrey Grimm regarding Defendant Andre Short's ("Defendant") abilities to understand the nature and consequences of the proceedings against him and to properly assist in his defense ("the Psychological Report"). (Doc. 600.) Based on the entire record in this case, including the Psychological Report, Defendant is presently capable of understanding the charges against him and meaningfully consulting with his attorney about his defense. Therefore, I **RECOMMEND** that the Court find that Defendant is competent to stand trial and proceed with this case.

## BACKGROUND

The United States charged Defendant Short with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. (Doc. 3.) Counsel for the Government notified the Court that it reached a plea agreement with Defendant on August 1, 2016. (Doc. 363.) Accordingly, on August 11, 2016, Defendant appeared before the Honorable Chief Judge Lisa Godbey Wood for a Rule 11, or change of plea, hearing. (Doc. 428.)

At the change of plea hearing, Defendant answered the Court's questions in an erratic manner and requested that he be given additional time to converse with his counsel before proceeding. Based upon Defendant's presentation, Chief Judge Wood declined to accept Defendant's plea agreement at that time. Further, Chief Judge Wood allowed Defendant to meet with his attorney and scheduled the change of plea hearing for a later date. (Doc. 437.)

Following the change of plea hearing, Defendant's counsel filed a Motion for Psychiatric and Psychological Examination. (Doc. 493.) Chief Judge Wood ordered that Defendant be committed to the custody of the Bureau of Prisons to undergo a competency examination. (Doc. 505.) In accordance with Chief Judge Wood's Order, Dr. Allyson N. Wood, a licensed forensic psychologist, evaluated Defendant at the Federal Detention Center in Lexington, Kentucky. (Doc. 600.) Dr. Wood employed a number of evaluation procedures to assess Defendant's competency and reviewed Defendant's past mental health records. (Id.) Dr. Wood then prepared an extensive report of her findings as to Defendant, which was reviewed by Dr. Geoffrey Grimm, the Chief Psychologist. (Id.) In the Psychological Report, Dr. Wood concluded that Defendant "is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." (Id. at p. 10.) Dr. Wood explained that Defendant "was able to exhibit and demonstrate sufficient knowledge and understanding of the charge against him. Further, he demonstrated adequate present ability and capacity to consult with his attorney." (Id.) Additionally, Dr. Wood opined "that at the time of the commission of the acts constituting the alleged offenses, Mr. Short was not suffering from a

mental disease or defect such that he was unable to appreciate the nature and quality, or the wrongfulness, of these actions."  (Id. at p. 13.)

Following the Psychological Report, Defendant's counsel notified the Court that Defendant does not dispute Dr. Wood's conclusions regarding his competency and sanity. Despite this agreement, the Court must still determine whether a competency hearing should be held.

## DISCUSSION

"Unquestionably, due process requires a defendant to be competent to stand trial." United States v. Andrews, 469 F.3d 1113, 1117 (7th Cir. 2006) (quoting United States v. Collins, 949 F.3d 921, 924 (7th Cir. 1991)); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a). Defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence.  Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005).  The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a

3

reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995). Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent[.]" United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)). "Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill." United States v. Williams, No. 5:06-cr-36-OC-10GRJ, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

After an extensive evaluation, Dr. Wood and Dr. Grimm determined that Defendant meets the legal standard to proceed with this case and to stand trial. These psychologists reached this conclusion after conducting numerous tests, observing Defendant, speaking extensively with Defendant, and reviewing his medical records. There is no credible evidence in the record that contradicts this finding. Indeed, while counsel for Defendant requested a psychological evaluation following Defendant's erratic behavior and responses at the Rule 11 hearing, Defendant reported to Dr. Wood that he responded inappropriately during the hearing because he

"was using stuff [he] saw from tv." (Doc. 600, p. 9.) Further, Defendant now agrees with the examiner's opinion.

The Court should determine that Defendant is competent without holding a competency hearing. 18 U.S.C. § 4241(a) provides that the Court shall hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Some defendants have argued that, if a Court orders a competency evaluation pursuant to 18 U.S.C. § 4241(b), a competency hearing is mandatory. However, a court need not hold a competency hearing if no reasonable question of competency exists after a psychological evaluation. See United States v. Kerr, 752 F.3d 206, 216 (2d Cir. 2014) (after receiving results of court-ordered psychological evaluation, trial court was "well within its discretion" to not conduct hearing on defendant's competency before accepting defendant's plea of guilty); United States v. Gillette, 738 F.3d 63, 77 (3d Cir. 2013) (rejecting defendant's argument that Section 4241 always contemplates that a competency hearing be held where a court has ordered a psychological evaluation). In this case, in light of the entire record, the Psychological Report, and the representations of counsel, no reasonable cause exists to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent. Thus, the Court need not hold a competency hearing.

5

**CONCLUSION**

As Defendant is presently capable of understanding the charges against him and capable of meaningfully consulting with his attorney about his defense, I **RECOMMEND** that the Court find that Defendant is competent to stand trial and proceed with this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of

Court to serve a copy of this Report and Recommendation upon the parties.

       **SO ORDERED and REPORTED** and **RECOMMENDED**, this 28th day of February,

2017.

 

 

 

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA